IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HOPKINS, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| ROGERS CORPORATION, BRUCE D. HOECHNER, KEITH L. BARNES, MEGAN FAUST, CAROL R. JENSEN, KEITH LARSON, GANESH MOORTHY, JEFFREY J. OWENS, HELENE SIMONET, and PETER C. WALLACE, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On November 2, 2021, Rogers Corporation ("Rogers" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with DuPont de Nemours, Inc. ("DuPont") and Cardinalis Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Rogers' stockholders will receive $277.00 in cash per share.

3. On December 16, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Rogers common stock.  Plaintiff is a resident of this District.

9.      Defendant Rogers is a Massachusetts corporation.  Rogers' common stock is traded on the New York Stock Exchange under the ticker symbol "ROG."

10.     Defendant Bruce D. Hoechner is Chief Executive Officer and Chairman of the Board of Directors of Rogers (the "Board").

11.     Defendant Keith L. Barnes is a member of the Board.

12.     Defendant Megan Faust is a member of the Board.

13.     Defendant Carol R. Jensen is a member of the Board.

14.     Defendant Keith Larson is a member of the Board.

15. Defendant Ganesh Moorthy is a member of the Board.

16. Defendant Jeffrey J. Owens is a member of the Board.

17. Defendant Helene Simonet is a member of the Board.

18. Defendant Peter C. Wallace is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

20. Rogers' electronic and elastomeric materials are used in applications for EV/HEV, automotive safety and radar systems, mobile devices, renewable energy, wireless infrastructure, energy-efficient motor drives, and industrial equipment.

21. On November 1, 2021, Rogers entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Rogers Corporation (NYSE:ROG) announced today that it has entered into a definitive merger agreement to be acquired by DuPont (NYSE: DD) in an all-cash transaction that values Rogers at approximately $5.2 billion.

The transaction delivers substantial value to Rogers' shareholders, who will receive $277 in cash per share, representing a 33% premium over Rogers' closing share price on November 1, 2021, and a 46% premium to the 1-month volume weighted average share price.

Following the closing of the transaction, Rogers will be integrated into DuPont's Electronics & Industrial business unit. Rogers significant applications engineering, design expertise, and deep customer relationships form a strong strategic fit with DuPont's innovation capabilities and collaborative approach to solving the most complex customer challenges.

"Rogers is a recognized global leader in advanced materials solutions, and this combination with DuPont will help accelerate our long-term growth in EV/HEV, ADAS and other key markets," stated Bruce D. Hoechner, Rogers' President and CEO. "The Rogers' team has created a growth-focused organization built on a foundation of strong technology leadership and customer intimacy. Our combination with DuPont, a proven leader in technology-based materials, provides resources and support to allow Rogers to scale for success. Rogers is a natural fit

with DuPont, and this combination will create an exciting next chapter for Rogers' customers, employees and partners."

"Rogers is a results-driven organization with excellent technical expertise and deep customer relationships that align well with DuPont's leading innovation and applied material science capabilities," said Ed Breen, DuPont Executive Chairman and CEO. "The combination of Rogers with our Electronics & Industrial business further strengthens our market-leading portfolio and ability to bring new solutions to exciting end markets. We look forward to welcoming Rogers' employees and working together to deliver essential innovations that help our customers and company grow."

**Transaction Details**

The Board of Directors of Rogers has unanimously approved the agreement with DuPont and recommends that the Rogers' shareholders vote in favor of the transaction at the Special Meeting of Shareholders to be called in connection with the transaction.

The transaction is expected to close in the second quarter of 2022, subject to customary closing conditions, including approval by Rogers' shareholders and receipt of regulatory approvals.

J.P. Morgan Securities LLC served as exclusive financial advisor to Rogers on the transaction; Covington & Burling LLP and Hinckley, Allen & Snyder LLP served as outside legal counsel.

23.     On December 14, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

24.     The Proxy fails to disclose material information regarding Rogers' financial projections, specifically: the line items underlying the financial projections.

<u>Financial Analyses</u>

25.     The Proxy fails to disclose material information regarding the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan").

26.     Regarding J.P. Morgan's Public Trading Multiples Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by J.P. Morgan.

27. Regarding J.P. Morgan's Selected Transaction Analysis, the Proxy fails to disclose the individual multiples for the transactions utilized by J.P. Morgan.

28. Regarding J.P. Morgan's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by J.P. Morgan; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by J.P. Morgan.

29. Regarding J.P. Morgan's Analyst Price Targets Analysis, the Proxy fails to disclose: (i) the price targets utilized by J.P. Morgan; and (ii) the sources of the price targets utilized by J.P. Morgan.

## COUNT I

**Claim Against the Individual Defendants and Rogers for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Rogers is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Rogers within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Rogers and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them

to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

46. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: December 23, 2021     **GRABAR LAW OFFICE**

           By: */s/ Joshua H. Grabar*
             Joshua H. Grabar (#82525)
             One Liberty Place
             1650 Market Street, Suite 3600
             Philadelphia, PA 19103
             267-507-6085
             jgrabar@grabarlaw.com

             *Counsel for Plaintiff*